# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DEMETRIUS MONROE BOYD,**

      **Plaintiff,**

      **v.**                          **Case No. 15-cv-1550**

**LT. LEFFLER, et al.,**

      **Defendants.**

---

## <u>SCREENING ORDER</u>

Plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is before me on plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and for screening of his complaint.

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On January 8, 2016, I assessed an initial partial filing fee of $4.88. Plaintiff paid that fee on February 8, 2016. Plaintiff's may proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face."  Id. (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  The complaint allegations "must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.  Legal conclusions must be supported by factual allegations.  Id.  If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff attempts to improperly bring unrelated claims in a single case. He claims that (a) the kitchen supervisor failed to adequately clean food trays and/or properly prepare food, resulting in plaintiff suffering from food poisoning; (b) the property sergeant arbitrarily denied plaintiff embossed stamps, envelopes, writing paper, books, magazines, and photographs; (c) institution staff turned off the power to his cell, making it appear like his new television set was broken, which resulted in plaintiff being ordered to dispose of the television set; (d) various correctional officers used excessive force against him, which resulted in injuries that were untreated; (e) plaintiff was disciplined with a "back of the cell" restriction for fifteen days following alleged due process violations at his disciplinary hearing. These are different claims against different people or groups of people arising from different incidents.

The Seventh Circuit Court of Appeals, pursuant to the controlling principle of Fed. R. Civ. P. 18(a), has held that "[u]nrelated claims against different defendants belong in different suits," both to avoid confusion and to prevent prisoners from manipulating the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith,

3

507 F.3d 605, 607 (7th Cir. 2007). Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." However, while "multiple claims against a single party are fine, [...] Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

The court in George also reminded district courts that, like Rule 18, Fed. R. Civ. P. 20 applies to complaints filed by prisoner plaintiffs. George, 507 F.3d at 607. Under Rule 20, joining multiple defendants into one action is proper only if "(A) [a plaintiff] assert[s] any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added).

Plaintiff's complaint in this case violates Rules 18 and 20 because it alleges unrelated claims against different defendants for different, unrelated events. It does not matter that all of the events allegedly happened at the same institution, nor does it matter that they allegedly happened around the same time. That, on its own, is insufficient for me to find that the claims arise out of the same transaction or occurrence or have questions of fact or law common to all defendants. As noted in George, unrelated claims belong in different lawsuit lawsuits. See George, 707 F.3d at 607.

Accordingly, while I will strike the original complaint filed on December 28, 2015, I will allow plaintiff to file an amended complaint incorporating only related claims. If plaintiff wants to pursue all of the claims he asserts, he must file a separate complaint for each unrelated claim.

4

I advise plaintiff that any amended complaint will "supersede," or take the place of, his original complaint. For that reason, any claims or facts that plaintiff does not include in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing Fuhrer v. Fuhrer, 292 F.2d 140, 144 (7th Cir. 1961)). If plaintiff files an amended complaint, it will become the operative complaint in this case, and I will screen it in accordance with 28 U.S.C. §1915A. With respect to any claim or claims plaintiff alleges in his amended complaint, plaintiff must identify the individual defendant(s) whom he believes violated his constitutional rights, and specify how his/her actions, or failure to take action, violated his constitutional rights.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #4) is **GRANTED**.

**IT IS ALSO ORDERED** that plaintiff's complaint (Docket #1) is **STRICKEN**.

**IT IS FURTHER ORDERED** that on or before **March 11, 2016,** plaintiff may file an amended complaint curing the defects in the original complaint as described in this order. If plaintiff chooses not to file an amended complaint that complies with Fed. R. Civ. P. 18 and 20 and this order by **March 11, 2016**, I will dismiss his case pursuant to Local Civil Rule 41(c) based on his failure to prosecute.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $345.12 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust

account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined**.**

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

6

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2016.

s/ Lynn Adelman

_____

LYNN ADELMAN
District Judge